**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Gary CRAWFORD, Defendant-Appellant.**

**No. 71-2658.**

United States Court of Appeals, Ninth Circuit.

July 3, 1972.

Anthony Michael Glassman (argued), of Miller, Glassman & Browning, Beverly Hills, Cal., Daniel H. Weinstein, San Francisco, Cal., for defendant-appellant.

D. Henry Thayer, Thomas G. Kontos, Eric A. Nobles, Asst. U. S. Attys., William D. Keller, U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before KOELSCH and DUNIWAY, Circuit Judges, and ANDERSON,* District Judge.

J. BLAINE ANDERSON, District Judge:

This is an appeal from a judgment of conviction based on the decision of the District Court, a jury having been waived, for having possession of a controlled substance (hashish) with intent to distribute in violation of 21 U.S.C.A. § 841(a) (1).

Prior to trial the appellant moved, pursuant to Rule 41 of the Federal Rules of Criminal Procedure to suppress, as evidence, contraband which had been seized pursuant to a search warrant and which contraband formed the basis of the indictment. At the time of the hearing on the motion, the Court, after hearing the testimony of U. S. Customs Agent, Phil Roberts, whose affidavit formed the basis for the issuance of the search warrant herein, denied appellant's motion to suppress and ruled that the warrant and the affidavit in support thereof were valid on their face. Thereafter the appellant waived trial by jury, stipulated to the allegations contained in the indictment and incorporated by reference the Rule 41 hearing into the trial record. The court found the appellant guilty as charged.

The sole issue which appellant Gary Crawford raises on this appeal and with which this court is faced concerns the sufficiency of the affidavit[1] which U. S.

---

* Honorable J. Blaine Anderson, United States District Judge, District of Idaho, sitting by designation.

1. "I, Philip W. Roberts, being duly sworn depose and say:

That I am a United States Customs Agent;

That on May 1st, 1971, at approximately 10:45 p. m., I received information from a confidential informant, whom I have worked with on previous occasions and whose prior information has proved valid, that three persons arrived at 852¾ N. Sanborn Ave., Los Angeles, California, on May 1st, 1971, and were in possession of five suitcases in which were secreted approximately twenty (20) kilos of hashish;

That the three persons were identified by the confidential informant as being (1) Gary Crawford (2) a male subject known only as Thomas (3) a female known only as Florence;

That the three persons told the confidential informant that the hashish had been acquired in Afg(h)anistan and transported from Kabul to Teheran to Istanbul to Ceylon to Tokyo to Honolulu to Los Angeles International Airport by them personally;

That the same Gary Crawford mentioned herein has on at least five prior occasions offered the confidential inform-

Customs Agent Phil Roberts presented to the Magistrate in the course of obtaining a search warrant.

The test as to whether an affidavit provides sufficient basis upon which a magistrate may issue a search warrant is governed by the test set forth in Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).

The affidavit of U. S. Customs Agent Phil Roberts far surpasses the affidavit of the officers in Aguilar v. Texas, supra, with respect to the specificity of the information provided the magistrate who was called upon to issue the search warrant. Appellant concedes this is so with respect to "some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were", Aguilar v. Texas, supra, 378 U.S. 114, 84 S.Ct. 1514, but contests the sufficiency of the disclosure of the affidavit as to "some of the underlying circumstances" of the unidentified informant's credibility or the reliability of his information. (Aguilar v. Texas, supra, 378 U.S. 114, 84 S.Ct. 1509, 12 L.Ed.2d 723).

 There is nothing in Aguilar v. Texas, supra, which gives any support to the contention that these two propositions are wholly independent of one another. We are constrained to hold they are not and that one may furnish support to the other, at least with respect to the affidavit at hand. Read as a whole, the affidavit which Agent Roberts has presented to the magistrate is as factual as that held sufficient in Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), and furnished the magistrate with probable cause to issue the warrant. The rather detailed statement of the underlying facts which led Agent Roberts to conclude that the narcotics were where he stated them to be, lend themselves in support of the credibility of the information and the reliability of his information.

Unlike Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), the affidavit here does explain how the informant came by his information.

It is not simply a bare statement that the Customs Agent believed the informant. The agent's own sworn statement of his dealings with the informant, when combined with the other details in the affidavit, were sufficient to justify the magistrate's conclusion as to probable cause to issue the warrant.

Agent Roberts might well have spelled out in more detail his contacts with the informant which caused him to conclude reliability and we would recommend greater detail in the future. Nevertheless, as was stated in United States v. Harris, 403 U.S. 573, 583, 91 S.Ct. 2075, 2082, 29 L.Ed.2d 723, 733 (1971), ". . . we decline to apply it [Spinelli v. United States, supra] to preclude a magistrate from relying on a law enforcement officer's knowledge of a suspect's reputation."

ant the opportunity to smuggle hashish from Afg(h)anistan or other countries into the United States;

That the confidential informant has allowed the three persons mentioned herein to lodge themselves at his female companion's apartment (the female companion also being a confidential informant of the affiant);

That 852¾ N. Sanborn Ave., Los Angeles, California, is where the three persons mentioned herein are presently lodged and that they are in possession of the suitcases containing the contraband;

That 852¾ N. Sanborn Ave., Los Angeles, California, is the residence of one of the confidential informants;

That both confidential informants have been shown where the contraband is and have smelled it;

That both confidential informants are familiar with hashish;

That I believe that contained in the suitcases described herein are approximately twenty kilos (20 kilos) of hashish which have been imported into the United States contrary to law;

That the suitcases are described as (2) red suiters, (2) black suiters and (1) brown leather suiter."

Counsel for the government has urged that we spell out clearly the extent to which, if any, the defendant may impeach the search affidavit at a hearing on a motion to suppress under Rule 41 of the Federal Rules of Criminal Procedure. That issue is not properly before the court and, therefore, we specifically decline comment.

Accordingly, we conclude the decision of the District Court should be, and the same hereby is, affirmed.