## Richmond

CHARLES BEVERLY WARREN v. COMMONWEALTH OF VIRGINIA.

March 4, 1974.

Record No. 730281.

Present, All the Justices.

*G. Marshall Mundy*, for plaintiff in error.

*James E. Kulp, Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

HARRISON, J., delivered the opinion of the court.

Again we review a case in which the sole question involved is the validity of a search warrant. Specifically we decide whether the affidavit for the warrant properly established probable cause.

Charles Beverly Warren appeals his conviction by a jury of possession of heroin with intent to distribute, possession of cocaine with intent to distribute, and possession of marijuana. The apartment of Warren was searched pursuant to a search warrant and quantities of heroin and cocaine, together with drug paraphernalia, were found. The search warrant was based upon an affidavit made June 7, 1972 by Robert C. McLaughlin, Assistant Commonwealth's Attorney of Roanoke, the relevant portions of which read as follows:

"(1) He has reason to believe that on the premises known as 711 Hunt Avenue, N. W., Apt. #94, occupied by William Warren a/k/a 'Buba' Warren and another Negro, female, in the City of Roanoke there is now being concealed certain property, namely Controlled drugs and drug paraphernalia in violation of Secs. 54-524.101 and 54-524.109:1 of the Code of Va. (1950).
(2) He bases his belief that such property can be found on those premises on the following facts: On June 6, 1972 a reliable informer advised the affiant that during the past 24 hours the informer had observed a quantity of heroin and a large supply of hypodermic syringes in the premises to be searched.

\* \* \* \* \*

(3) (b) He was advised of the facts set forth in paragraph (2) by an informer. This informer's credibility or the reliability of the information may be adjudged by the following facts: The informer on numerous occasions has supplied the affiant and the Vice Squad with drug information which has proven to be correct. Informer is also self-admitted drug abuser."

The principles which control our decision here have been articulated by this court in a number of cases, including *Huff* v. *Commonwealth*, 213 Va. 710, 194 S. E. 2d 690 (1973); *Guzewicz* v. *Commonwealth*, 212 Va. 730, 187 S. E. 2d 144 (1972); *Manley* v. *Commonwealth*, 211 Va. 146, 176 S. E. 2d 309 (1970); and *Wiles* v. *Commonwealth*, 209 Va. 282, 163 S. E. 2d 595 (1968). We have recognized that the applicable standard is the test of *Aguilar* v. *State of Texas*, 378 U. S. 108 (1964), *Spinelli* v. *United States*, 393 U. S. 410 (1969) and *United States* v. *Harris*, 403 U. S. 573 (1971). In essence, these cases provide that an affidavit for a search warrant based upon information from an informant must (1) establish the reliability of the informant and (2) set forth the underlying circum-

stances necessary to enable the magistrate to judge the validity of the informant's statements to the affiant.

Without question the affidavit in the instant case satisfies the second requirement of the foregoing test. The informant's information here was based on his personal observation of a quantity of heroin and a large supply of hypodermic syringes in the home of the defendant Warren. A neutral and detached magistrate could reasonably conclude therefrom that the informant's knowledge of the drugs was based on fact, not on suspicion or rumor.

We now consider whether the affidavit in the present case meets the first requirement of the test, that of credibility or reliability. Although there has been an avalanche of cases, both federal and state, dealing with the validity of search warrants and the sufficiency of the supporting affidavits, we have found no two affidavits to be word-for-word identical. And there is no mathematical formula we can apply in deciding whether a search warrant is supported by probable cause. Affidavits must be tested and interpreted in a common sense and realistic fashion. The applicable standard is that of reasonableness; the Fourth Amendment of the United States Constitution prohibits only unreasonable searches and seizures. *Cady* v. *Dombrowski*, 413 U.S. 433 (1973); *Harris, supra;* and *United States* v. *Ventresca*, 380 U. S. 102 (1965).

An exhaustive review of recent cases considering affidavits couched in language similar to that in the present case is found in an opinion by Judge Smith of the Maryland Court of Appeals in *State* v. *Kraft*, 307 A. 2d 683 (1973). There, the court approved an affidavit in which one informant was described as ". . . a reliably established informant, who is responsible for eleven narcotics arrests. . . .", and a second informant was described as one ". . . who has provided reliable information to this Dept. for the past six months. . . ." Among the cases discussed in *Kraft* are: *Rugendorf* v. *United States*, 376 U. S. 528 (1964); *Jones* v. *United States*, 362 U. S. 257 (1960); *United States* v. *Sultan*, 463 F. 2d 1066 (2nd Cir. 1972); *United States* v. *Crawford*, 462 F. 2d 597 (9th Cir. 1972); *Jones* v. *Crouse*, 447 F. 2d 1395 (10th Cir. 1971), *cert. denied* 405 U. S. 1018 (1972); *United States* v. *Buonomo*, 441 F. 2d 922 (7th Cir. 1971), *cert. denied* 404 U. S. 845 (1971); *United States* v. *Shipstead*, 433 F. 2d 368 (9th Cir. 1970); *United States* v. *Hood*, 422 F. 2d 737 (7th Cir. 1970), *cert. denied* 400 U. S. 820 (1970); *United States* v. *Kidd*, 407 F. 2d 1316 (6th Cir. 1969); and *United States* v. *Rich*, 407 F. 2d 934 (5th Cir. 1969), *cert. denied* 395 U. S. 922 (1969).

In *United States* v. *Bridges,* 419 F. 2d 963 (8th Cir. 1969), an affidavit was approved which, in language similar to the affidavit under review, stated that informants had "on numerous occasions" given information which had proved reliable.

The affidavit in *Buonomo, supra,* cannot be distinguished, factually or legally, from the affidavit in the instant case. In *Buonomo* the informant was described as having supplied reliable information in the past.[1] The validity of the affidavit was upheld. The court distinguished *Aguilar* by pointing out that, unlike the *Buonomo* affiant, the *Aguilar* affiant was characterized only as "credible", not as the source of reliable information in the past. Similarly the court held *Spinelli* not controlling because the second prong of the *Aguilar* test had not been met, i.e., the informant had no personal knowledge of the information relayed and the affiant has observed the defendant engaged only in innocent activities. In *Buonomo,* as here, the information relayed by the informer to the affiant was based upon personal observation and personal knowledge of criminal activities. And here, as in *Buonomo,* the informant was shown to have been credible and to have supplied correct information in the past.

As has been heretofore observed, no two affidavits are word-for-word alike. While we have referred to many cases in this opinion, and although some dissimilarity may be found among them, nevertheless, as was observed in *Kraft:*

> "[A] pattern may be derived from the cases cited as to interpretations placed upon the Supreme Court's pronouncements in the search and seizure area, a pattern which shows, in accordance with the Supreme Court's mandate in *Spinelli,* 'in judging probable cause issuing magistrates [have] not [been] confined by niggardly limitations or by restrictions on the use of their common sense, . . . and that their determination of probable cause [has been] paid great deference by reviewing courts. . . .' The pattern shows a liberality generally in evaluating the judgment of the disinterested judicial officer interposed between the police and the citizenry greater

---

[1] "On October 25, 1965 Affiant (a Chicago detective) met with Informant who has supplied this affiant with reliable information in the past. Informant stated that on October 24, 1965 while at the premises located at 17216 S. Forrestway Ave., East Hazelcrest, Illinois in the company of a Male-White known to him as Richard Buonomo, he was offered for sale and observed a large quantity of counterfeit Motor Vehicle Titles from the States of Illinois, Indiana, and Michigan. Richard Buonomo, is known to this affiant and known to live at 17216 S. Forrestway Ave., East Hazelcrest, Illinois Cook County." (Extract from affidavit in *Buonomo.*)

than that shown in this case by the Court of Special Appeals." 307 A. 2d at 698-99.

It is of some import that the affidavit under review was made by the Assistant Commonwealth's Attorney of the City of Roanoke, an officer of the court, and one charged with the fair and evenhanded administration of justice in that city. His willingness to make an affidavit, and to seek a search warrant on the information he received from the informer, is of significance.

The affidavit describes the premises and the occupants with complete accuracy. The exact number of the apartment occupied by the defendant and its correct street address are given; the name of the defendant and his nickname are given; and the sex and race of his companion are provided.

Here, we have personal observation made, and personal knowledge obtained, by an informant only a short time prior to the giving of the affidavit. In addition to observing the drugs, the informant also observed a large supply of syringes used to administer the drugs, items often found in the possession of one who possesses a large quantity of drugs with intent to sell, administer or distribute them.

The credibility of the informant is reflected on the face of the affidavit. He is described not only as a reliable informant but also as a person who "on numerous occasions" had supplied McLaughlin and the vice squad with drug information which had "proven to be correct". The magistrate could have concluded from this statement that the informant had *many* times in the past supplied the Commonwealth's Attorney and the vice squad with drug information which they had *established to be correct.*

The affidavit recited that the informant was a self-admitted drug abuser. One who uses drugs would normally be a person most likely to know where and from whom drugs could be obtained. Further, the fact that the informant was a "self-admitted drug abuser" indicated that he had made a statement or admission, to the prosecutor or to the police, against his interests. Drug users seldom desire the police to have knowledge of their drug addiction or drug habits. Whatever credibility that attaches to a person who makes such an admission against interest attaches to the informant here. *See Manley* v. *Commonwealth, supra.*

We observe that the affidavit in this case bears little resemblance to the affidavit which this court disapproved in *Wiles* v. *Commonwealth, supra.* There, a search warrant was obtained on an affidavit

made by a police officer. The affidavit alleged that the vice squad had received several complaints that Wiles was a user of drugs. The affidavit further alleged that the vice squad had information from an informant, who had given reliable information in the past, that Wiles was in possession of narcotics. The affidavit detailed none of the several complaints against Wiles; it did not inform when the complaints were made; and it did not recite the basis of any complaint. The affidavit stated no circumstances underlying the tip of the informant; it did not reveal whether the information was based on the personal knowledge of either the informant or the affiant; and it did not state when or how many times the informant had previously tendered reliable information. In fact the affidavit never described the informant as a reliable informant.

In the instant case the information furnished by the informant was sufficiently detailed and specific that the magistrate could reasonably conclude that the informant was reliable; that the narcotics were where the informant claimed they were; and that the narcotics were in the possession of those individuals identified by the informant.

Therefore it is our conclusion that the affidavit provided a sufficient basis for the magistrate to have issued the search warrant. The action of the trial court in denying the defendant's motion to suppress the evidence found at the time of the search is approved. The judgment of the lower court is

*Affirmed.*