## Richmond

## VINCENT ANTHONY TAMBURINO V. COMMONWEALTH OF VIRGINIA

March 3, 1978.

Record No. 770770.

Present: I'Anson, C.J., Carrico, Harrison, Cochran, Harman and Compton, JJ.

*Michael Morchower (John W. Luxton; Ott, Morchower, Thompson & McMullan,* on brief), for plaintiff in error.

*Todd E. LePage, Assistant Attorney General (Anthony F. Troy, Attorney General,* on brief), for defendant in error.

HARRISON, J., delivered the opinion of the Court.

On July 10, 1976, Virginia State Trooper B. A. Stinnett searched the residence at 1509 Westover Hills Boulevard, Richmond, occupied by Vincent Anthony Tamburino, Charles William Knarr and John Richard Smith. The search revealed 16 pounds of marijuana, a quantity of heroin and valium, and paraphernalia associated with the use, sale and distribution of drugs. The contraband was seized and the occupants of the residence arrested. Tamburino was convicted of possession of marijuana with intent to distribute, the possession of valium without a prescription, and the possession of heroin. He has appealed upon the ground that he was denied due process of law by the action of the trial court in admitting into evidence the contraband which he alleges was unlawfully seized in violation of the Fourth Amendment to the Constitution of the United States. The only issue is whether there was sufficient information in the affidavit made by Trooper Stinnett to enable the magistrate to conclude that the informant was credible or his information reliable.

The affidavit, in pertinent part, reads:

"A concerned citizen of this Commonwealth advised the affiant on June 29, 1976 that he was in a position to furnish the Department of State Police with information concerning the illegal possession and distribution of contriband [*sic*] drugs in the Richmond Metro area.

"This citizen's reliability may be adjudged by the following facts:

"He had been associated with the drug culture in the Richmond Metro area for the past three years. He is an admitted user of Marihuana and chemical drugs. He possesses the knowledge of how, when and where to purchase contriband [sic] drugs. He has demonstrated his knowledge and ability to purchase same.

"During the first part of July, 1976 the affiant met this citizen and searched his person to be sure he was not in possession of contriband [sic]. I provided him with a sum of money after determining that he was not in possession of contriband [sic]. I then followed him to a business establishment in the city of Richmond where I observed him approach a subject. I observed an exchange take place and the citizen then returned to me at a prearranged location. He turned over to me a quanity [sic] of greenish brown plant material which responded positively to the field test for Marihuana, a Schedule I Controlled Substance.

"This citizen wishes his identity to remain unknown.

"This confidential informant advised the affiant on July 10, 1976 that he had been to 1509 Westover Hills Blvd., Richmond, Virginia within the last past 72 hours and that while there he observed Marihuana being used, stored and distributed at that location.

"Based on this confidential informant[']s information, I believe that Marihuana is being used and kept at 1509 Westover Hills Blvd., Richmond, Virginia at this time."

■ Our most recent decisions setting forth the principles which control here are *Wheeler* v. *Commonwealth,* 217 Va. 95, 225 S.E.2d 400 (1976); *Warren* v. *Commonwealth,* 214 Va. 600, 202 S.E.2d 885 (1974); and *Manley* v. *Commonwealth,* 211 Va. 146, 176 S.E.2d 309 (1970). In determining the sufficiency of the affidavit, the applicable standard is the test of *Aguilar* v. *Texas,* 378 U.S. 108 (1964); *Spinelli* v. *United States,* 393 U.S. 410 (1969); and *United States* v. *Harris,* 403 U.S. 573 (1971). These cases provide that an affidavit for a search warrant based upon information from an informant (1) must describe some of the underlying circumstances necessary to enable a neutral and detached magistrate to judge the validity of the informant's

conclusion that the narcotics were where he claimed they were, and (2) must describe some of the underlying circumstances from which such magistrate can determine that the affiant officer's unnamed informant, whose identity need not be disclosed, was "credible" or his information "reliable".

Tamburino attacks the affidavit only with respect to the second test. He says that it fails to suggest that the informant was any more than a casual observer of the contraband in the apartment; that there are no facts from which one may infer that the informant was participating or had participated in any illegal activity in the apartment; and that no corroborating facts were proffered by the affiant relative to the suspected illegal activity inside the residence which was searched. He argues that being a user of marijuana and chemical drugs is not an indicium of reliability.

Defendant further contends that the description of the informant as "a concerned citizen of this Commonwealth" is not sufficient to make him a citizen informant rather than a professional informant as distinguished by this Court in *Guzewicz* v. *Commonwealth*, 212 Va. 730, 187 S.E.2d 144 (1972). In effect, Tamburino's position is that the search warrant in this case must stand or fall on the one controlled buy that was consummated by the informant in the presence of the officer, and that it is not enough.

As we pointed out in *Warren*, an examination of the avalanche of cases dealing with the validity of a search warrant, and the sufficiency of the supporting affidavit, will disclose no two affidavits to be identical. And we know of no mathematical formula that can be applied in deciding whether a search warrant is supported by probable cause. The applicable standard is one of reasonableness, and affidavits must be tested and interpreted in a common sense and realistic fashion.

The informant in the instant case was described as "a concerned citizen of the Commonwealth". The word "concerned" is variously defined as troubled, disturbed, bothered or anxious. A concerned citizen is one who is interestedly engaged or involved. It is reasonable to believe that the informant in the instant case was a person who, although himself a user of marijuana and drugs, was "concerned" about the magnitude of the drug problem. Apparently this citizen was not previously known to the police officer. It is significant that no action was

taken by the officer on June 29, 1976, or immediately thereafter, and not until Officer Stinnett had satisfied himself of the reliability of his informant. The informant had represented to the officer that he possessed the knowledge of "how, when and where" to purchase contraband drugs. The officer required that this professed knowledge be demonstrated by the informant, and this was done by means of a controlled buy of marijuana in a business establishment in Richmond, made by the informant within the observation of the officer.

The affidavit of the officer described with complete accuracy the premises which were subsequently searched, and in which the informant stated that he had observed marijuana being used, stored and distributed. The search was made on July 10, 1976. The observation of the controlled buy was made within 72 hours of the search which revealed the marijuana and other drugs.

While the admission by the informant that he was associated with the drug culture, and was a user of marijuana, would not alone be sufficient to establish his credibility, it is a factor to be considered. "Whatever credibility that attaches to a person who makes such an admission against interest attaches to the informant here." *Warren, supra*, 214 Va. at 604, 202 S.E.2d at 889.

The fact that the informant was a concerned citizen, and not one who had previously been used by, or furnished tips to, the police department, is also a factor for the consideration of the magistrate in determining probable cause. However, the most important consideration in determining the reliability of the informant was his purchase of marijuana under controlled conditions. It was only after this controlled buy was made that Stinnett was willing to make an affidavit for a warrant to search the premises of defendant and his companions where the informant said he had very recently seen marijuana being used, stored and distributed. Further, the information furnished the officer by the informant was precise, detailed and current.

In support of his argument that a controlled buy does not establish the reliability of an informant, defendant cites *State* v. *Gieseke*, 305 So.2d 6 (Fla. Dist.Ct.App. 1974), (affirming interlocutory suppression order *per curiam* without opinion) rev'd 328 So.2d 16 (Fla. 1976), and *People* v. *Parker*, 42 Ill.2d 42, 245 N.E.2d 487 (1968). Reversed on appeal, *Gieseke* is, in fact,

authority for the proposition that controlled buys do tend to establish the reliability of unnamed informants. The Florida Supreme Court there held:

"[I]t was error for the trial court to suppress for lack of probable cause evidence seized pursuant to a valid warrant where that warrant relied in part on hearsay testimony of a reliable informant whose reliability and veracity were independently demonstrated through a successfully controlled buy." 328 So.2d at 18.

*People* v. *Parker, supra,* did not involve a controlled buy but an informant who had obtained marijuana under noncontrolled circumstances and thereafter turned it over to the affiant for analysis.

The fact that the controlled buy here was made in "a business establishment" and not at defendant's residence is immaterial. *See State* v. *Camargo,* 112 Ariz. 50, 537 P.2d 920 (1975). The controlled buy itself was the important event in this case, not the place where the buy occurred. It was the fact that the informant knew where a buy could be made; that there were those who were willing to sell to the informant; and that there were those who did sell marijuana to him. It was the transaction itself, not the location of the transaction, which established the veracity of the informant's claim to knowledge of the Richmond drug culture, and which evidenced his willingness to cooperate with the police.

The affidavit upon which the search warrant was issued in the instant case provided a sufficient basis for the magistrate's finding of probable cause.

*Affirmed.*