## CIRCUIT COURT OF THE CITY OF RICHMOND

Commonwealth of Virginia

v.

Hunt

November 21, 1995

Case No. F-95-2677

BY JUDGE WALTER W. STOUT, III

The matter before the Court is the Defendant's Motion to Suppress evidence seized from his person on July 10, 1995. The parties argued the motion at the suppression hearing on September 12, 1995. Subsequently, both parties submitted memoranda in support of their respective positions. For the following reasons, the Defendant's Motion to Suppress is denied.

On July 10, 1995, Officer M. J. Kurisky received a tip from an informant. The informant stated that "Fats"[1] had cocaine in his possession at the corner of Bethel and Deforrest Streets. The informant detailed that the Defendant was keeping the drugs in his crotch and had a couple hundred dollars in his front pocket. Additionally, the informant described the Defendant's clothing, noting that the Defendant was wearing knee-length, blue jean shorts, a blue T-shirt with "The Boss" written on it, and white tennis shoes with a gold Nike swoosh.

Based on this information, Officer Kurisky proceeded to the intersection of Bethel and Deforrest. Once there, Kurisky observed the Defendant, who was dressed as the informant had described.

Kurisky approached the Defendant, stating, "I need to talk with you for a minute. Over here, please." The Defendant responded, "God Almighty, geez." Kurisky instructed the Defendant to place his hands on the patrol

---

[1] "Fats" is the Defendant's street name. Officer Kurisky was aware that "Fats" is the Defendant's street name.

car and spread his legs. Then, Kurisky informed the Defendant of the information he had received from the informant. Kurisky searched the Defendant's pockets, finding the currency where the informant had said he would.

Next, Kurisky attempted to search the Defendant's crotch. The Defendant resisted, and Kurisky handcuffed him. Kurisky, in an effort to afford the Defendant some privacy, moved the Defendant behind the door of the patrol car and searched his crotch. After opening the Defendant's pants, Kurisky could see the bag of drugs protruding from the Defendant's underwear. The officer seized the drugs, mirandized the Defendant, and took him to police headquarters.

The Commonwealth concedes that the search, and subsequent seizure, was warrantless. Therefore, the Commonwealth must demonstrate that the case falls within an exception to the warrant requirement. The Commonwealth contends that the search was incident to a valid arrest, and for the following reasons, the Court agrees.

There can be no question that the restrictions placed on the Defendant's liberty amounted to a full, custodial arrest. *See, e.g., California v. Hodari D.*, 499 U.S. 621 (1991). Whether the arrest occurred before or after Kurisky began searching the Defendant is irrelevant, for a search incident to arrest is valid whether the search occurs immediately before or immediately after the arrest. *See, e.g., Rawlings v. Kentucky*, 448 U.S. 98 (1980); *Wright v. Commonwealth*, 222 Va. 188 (1981). However, for the search to be valid, the arrest must be supported by probable cause and the fruits of the search may not be used as the justification for the arrest. *See, e.g., Harris v. Commonwealth*, 241 Va. 146 (1991); *Poindexter v. Commonwealth*, 16 Va. App. 730 (1993).

There is no question that if Kurisky had acquired the informant's information through his own observations, he would have had probable cause to arrest the Defendant. Therefore, the only question left to be answered is whether or not the informant had sufficient credibility to support probable cause.

The informant in this case had been arrested on a drug charge and was cooperating with the police in an effort to receive lenient treatment. In order to establish the informant's reliability, Kurisky had the informant perform a controlled buy. The Virginia Supreme Court has held that a controlled buy is sufficient to establish the reliability of an informant. *See, Tamburino v. Commonwealth*, 218 Va. 821, 825-26 (1978).

In addition to the controlled buy, the informant's reliability is bolstered by the fact that other information he had provided to the police had been verified by narcotics detectives. Further, the informant provided great detail about the Defendant's appearance and where he was keeping the cocaine. All of these things, taken together, demonstrate the reliability of the informant.

Having found the informant reliable, the Court must find that Kurisky had probable cause to arrest the Defendant. Therefore, as the arrest was supported by probable cause, the search was incident to a valid arrest.

For the foregoing reasons, the Defendant's Motion to Suppress is denied.