COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Willis and Overton
Argued at Norfolk, Virginia

RAYMOND WESLEY SALMON

v. Record No. 0193-95-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
BY JUDGE JOSEPH E. BAKER
JULY 30, 1996

FROM THE CIRCUIT COURT OF LOUISA COUNTY
Lloyd C. Sullenberger, Judge

James B. Thorsen (Thorsen, Page & Marchant, on brief), for appellant.

Richard B. Smith, Assistant Attorney General (James S. Gilmore, III, Attorney General; Robert H. Anderson, III, Assistant Attorney General, on brief), for appellee.

Raymond Wesley Salmon (appellant) appeals from his bench trial convictions by the Circuit Court of Louisa County (trial court) for possession of cocaine in violation of Code § 18.2-250(A)(a) and possession of methamphetamine in violation of Code § 18.2-250(A)(a). The sole issue presented is whether the trial court erred in denying appellant's motion to suppress evidence of the contraband substances obtained by the police. Finding no error, we affirm the judgment of the trial court.

It is well established in Virginia that, on appellate review of a trial court's denial of a motion to suppress, the appellate courts of this Commonwealth view the evidence in the light most favorable to the trial court's determination. E.g., Fore v.

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731, cert. denied, 449 U.S. 1017 (1980); Brown v. Commonwealth, 15 Va. App. 1, 7, 421 S.E.2d 877, 881 (1992). In light of the United States Supreme Court's pronouncement in Ornelas v. United States, 517 U.S. ___ (1996), it appears that in certain cases a deferential standard of review is no longer appropriate. In Ornelas, Chief Justice Rehnquist wrote that henceforth, "as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal." Id. While generally calling for de novo review of reasonable suspicion and probable cause determinations, the Supreme Court "hasten[ed]" to add that a trial court's finding of "historical fact" should be reviewed only for "clear error" and noted that a reviewing court should "give due weight to inferences drawn from those [historical] facts by resident judges and local law enforcement officers." Id. Additionally, recognizing "that a police officer may draw inferences based on his own experience in deciding whether probable cause exists," id., the Supreme Court held that "[a]n appeals court should give due weight to a trial court's finding that [an] officer was credible and [his or her] inference was reasonable." Id.

Viewed accordingly, the record discloses that on the afternoon of December 23, 1993, Trooper Michael Alessi (Alessi) stopped his vehicle because of construction on Route 522 in Louisa County. While stopped, Alessi noticed a crack in the

windshield of the car directly in front of him, which appellant was driving. The crack extended from the center down at an angle on the passenger side. Alessi followed the car and then stopped it, believing that appellant might be violating statutes which prohibit the use of "defective, unsafe or unapproved equipment" on vehicles. Before he stopped appellant, Alessi could not determine whether the crack disturbed appellant's vision.

As appellant pulled his car over, he began "lunging toward the inner part of the seat." Alessi "could see [appellant make a] brisk movement with his hands [toward] the right part of the seat." He "wasn't sure if [appellant] was trying to hide something or move something in the seat on the right portion of him." Alessi approached the vehicle and asked appellant to produce his driver's license and registration, which he did. Because of his observations of appellant's movements, Alessi then asked appellant to step out of the vehicle. After appellant stepped out, Alessi saw a beer bottle tucked in the center of the seat, but he was unsure if appellant's suspicious conduct was a result of an effort to conceal the bottle. Alessi then conducted a pat-down search of appellant.

During the pat-down, Alessi could feel currency in appellant's pockets. After conducting the pat-down, Alessi asked appellant what he had in his pockets. Appellant replied that he had money. Alessi then asked appellant to let him see the money. Appellant complied with Alessi's request and pulled currency and

a cigarette lighter out of his right pocket. Alessi then asked appellant to show him what was in his left pocket. As appellant pulled out a "wad" of money from his left pocket, he "palm[ed] it down," and Alessi saw a "ziplock baggie or bag corner." The bag was commingled with the money, with its edges sticking out. Alessi observed a whitish-tan powder in the bag, which he first thought was cocaine. When Alessi observed it more closely, he believed it to be methamphetamine and seized it. Thereafter, Alessi arrested appellant and placed him in handcuffs. Alessi then conducted a search of appellant incident to his arrest and seized a small bag corner containing cocaine from one of appellant's front pockets.

The Fourth Amendment prohibits only unreasonable searches and seizures. E.g., Desist v. United States, 394 U.S. 244, 254 n.23 (1969); Warren v. Commonwealth, 214 Va. 600, 602, 202 S.E.2d 885, 887 (1974); see also Florida v. Bostick, 501 U.S. 429, 439 (1991). A police officer may stop a vehicle for investigatory purposes if the officer possesses a reasonable articulable suspicion that the motorist is involved in unlawful activity. See Waugh v. Commonwealth, 12 Va. App. 620, 621, 405 S.E.2d 429, 429 (1991). Code § 46.2-1003, in conjunction with Code § 46.2-1002, prohibits the use of a motor vehicle on a highway if that vehicle has defective or unsafe "safety glass." While in his cruiser, Alessi could not determine the precise extent of the crack in appellant's windshield and its impact on appellant's

ability to drive his vehicle. Alessi's observations provided him with a proper basis to make an investigatory stop of appellant's vehicle.

Appellant contends that even if the investigatory stop was proper, Alessi was not justified in patting down appellant. Looking again to the Fourth Amendment's proscription against unreasonable searches and seizures, it is not unreasonable for a police officer to conduct a limited pat-down search for weapons when the officer can point to "specific and articulable facts" "which reasonably lead[] him to conclude, in light of his experience, that 'criminal activity may be afoot' and that the suspect 'may be armed and presently dangerous.'" Lansdown v. Commonwealth, 226 Va. 204, 209, 308 S.E.2d 106, 110 (1983), cert. denied, 465 U.S. 1104 (1984) (quoting Terry v. Ohio, 392 U.S. 1, 30 (1968)). "Reasonableness is judged from the perspective of a reasonable officer on the scene allowing for the need of split-second decisions and without regard to the officer's intent or motivation." Scott v. Commonwealth, 20 Va. App. 725, 727, 460 S.E.2d 610, 612 (1995) (citing Graham v. Connor, 490 U.S. 386, 396-97 (1989)). An officer is entitled to view the circumstances confronting him in light of his training and experience, Terry, 392 U.S. at 27, and he may consider any suspicious conduct of the suspected person. Williams v. Commonwealth, 4 Va. App. 53, 67, 354 S.E.2d 79, 86-87 (1987).

Here, as appellant pulled his car over, Alessi observed

appellant lunging to his right and making a brisk movement with his hands. Alessi was not sure what appellant was attempting to do. Under these circumstances, a reasonably prudent officer would be warranted in the belief that his safety or that of others was in danger; therefore, Alessi was justified in conducting a pat-down of appellant. See Taylor v. Commonwealth, 10 Va. App. 260, 391 S.E.2d 592 (1990).

After completing the pat-down of appellant, and determining that appellant did not possess any weapons, Alessi asked appellant to show him what he had in his pockets. Appellant consented to the request, and appellant's consent led to the discovery of the methamphetamine and cocaine. A consensual search is reasonable and thus constitutional, as long as the search does not exceed the scope of the consent. Bolda v. Commonwealth, 15 Va. App. 315, 316-17, 423 S.E.2d 204, 205-06 (1992); see also Weeks v. Commonwealth, 248 Va. 460, 468, 450 S.E.2d 379, 385 (1994), cert. denied, 116 S. Ct. 100 (1995). Because Alessi did not exceed the scope of appellant's consent to search the contents of his pockets, the search was proper.

The facts reveal that appellant was not subjected to an unreasonable search and seizure. Accordingly, the judgment of the trial court is affirmed.

Affirmed.