# CIRCUIT COURT OF THE CITY OF ROANOKE

Commonwealth of Virginia

v.

James Wesley Logan

August 8, 2006

Case No. CR06000477-00

BY JUDGE CHARLES N. DORSEY

The sole issue raised in the suppression hearing is the sufficiency of the affidavit for the search warrant, which affidavit, as a factual basis to constitute probable cause, stated in its entirety that:

> Within the past 72 hours a confidential informant was inside the residence to be searched and purchased a quantity of white powder substance from a black male known as "J. W. Logan"; who is described to be 5' 8" tall and 170 pounds. "J. W. Logan" told the informant the white powder substance was cocaine. The informant also observed more of the white powder substance inside the residence to be searched, before the informant left. The informant was a self admitted drug user and is familiar with appearance and packaging of cocaine.

Counsel agree that this Court does not conduct a *de novo* probable cause determination, but instead determines whether the evidence viewed as a whole provided a "substantial basis" for the magistrate's finding of probable cause. *Boyd v. Commonwealth*, 12 Va. App. 179, 402 S.E.2d 914 (1991).

The language in this affidavit has apparently been used recently, *mutatis mutandis*, in several cases, has been the subject of suppression hearings in other cases, and has been the subject of conflicting rulings within this Circuit.

The Commonwealth tacitly concedes that it would be preferable if the specificity of the affidavit were increased and that this "form" language is no longer being used. The defense contends that this very lack of specificity compels the suppression of the affidavit. Specifically, the defendant contends that none of the facts stated suggests an on-going criminal activity or enterprise, that the time of the buy is unspecified, being merely "within 72 hours," that there is no basis for the informant's reliability save the fact the informant did make a drug buy, and that there is no explanation of the defendant's status as owner, occupant, temporary sojourner, or otherwise of the location in question. Though the facts alleged in the affidavit are certainly not a "model" that would always compel a finding of probable cause, it is nonetheless sufficient to provide a substantial basis for the magistrate's finding of probable cause, and the motion to suppress is consequently denied.

While counsel have appropriately cited cases pertaining to the specifics of this suppression motion, there is an admitted "avalanche of cases dealing with the validity of a search warrant, and the sufficiency of the supporting affidavit. . . ." *Tamburino v. Commonwealth*, 218 Va. 821, 241 S.E.2d 762 (1978). The *Tamburino* case makes clear that the most important consideration in determining the reliability of an informant is the informant's controlled drug buy. That having occurred in the present case, coupled with the fact that the informant was a self admitted drug user who was familiar with the appearance and packaging of cocaine, as detailed in the affidavit, constitutes a substantial basis for the informant's reliability, contrary to the defendant's argument.

The time frame between the informant's buy of cocaine and the affidavit was "within 72 hours." That time frame has been held, in an appropriate case, to not render the information stale. *Tart v. Commonwealth*, 17 Va. App. 384, 437 S.E.2d 219 (1993). As to the last two prongs of the defense's argument for suppression, that there are no facts alleged regarding on-going criminal activity and that the defendant's status as to the address was not sufficiently articulated, it has long been held that probable cause is a "fluid concept" not capable of being "reduced to a neat set of legal rules." *Illinois v. Gates*, 462 U.S. 213, 232 (1983). Under all of the factual circumstances in this case, a description of the suspect's status is not necessary to provide a

"substantial basis" for the magistrate's determination. It has been specifically held that "the selling of drugs, by its nature, is an *ongoing* activity." *Turner v. Commonwealth*, 14 Va. App. 737, 746 (1992) (emphasis added).

Alternatively, even if the affidavit here was not sufficient to establish probable cause, the officers executing the warrant had every reason to believe that the warrant was valid and, consequently, evidence seized pursuant to the warrant is nonetheless admissible under the "good faith" exception of *United States v. Leon*, 468 U.S. 897 (1984), as accepted in Virginia. *Tart v. Commonwealth, supra.* As was stated in *Leon* and as apparently has been the situation in this Circuit, the "good faith" exception is appropriate when the affidavit in question "provided evidence sufficient to create disagreement among thoughtful and competent judges as to the existence of probable cause." *United States v. Leon*, 468 U.S. 897, 926 (1984).

The clerk will please prepare an order denying the motion to suppress, incorporating this opinion.