ELDER, Judge.
Sherri Ann Polston (appellant) appeals her conviction of possession of marijuana with intent to distribute. She contends that the trial court erred in denying her motion to suppress evidence obtained during a search of her apartment. She argues that the magistrate lacked a substantial basis for finding probable cause to issue the search warrant for her apartment. For the reasons that follow, we affirm.
I.
FACTS
On January 6, 1995, Detective Stuart Graham Powell of the Chesterfield County police participated in the arrest of an *742 unidentified person (informant). Following his [1] arrest, informant told Detective Powell that he had witnessed the storage and sale of marijuana in appellant’s apartment within the past seventy-two hours. Detective Powell had never met informant prior to January 6, and informant had never participated in any “controlled buys” with the police. Detective Powell did not inquire whether or not informant was a registered voter or a person who regularly attended church. In addition, Detective Powell did not recall if he performed a check of informant’s criminal record or know if informant was involved in any plea bargaining that was contingent upon his cooperation in appellant’s case.
After speaking with informant, Detective Powell wrote an affidavit that stated in relevant part:
Jp. The material facts constituting probable cause that the search should be made are: On this date, 1-6-95, a citizen appeared before the magistrate of the Twelth [sic] Judicial District Court and stated the following facts under the penalty.of purgery [sic]. This citizen stated that within the past 72 hours he/she observed a quantity of marijuana being stored and being offered for sale at [an apartment on Markview Lane].
* * * * * *
6. I was advised of the facts set forth in this affidavit, in whole or in part, by an informer. This informer’s credibility or the reliability of the information may be determined from the following facts: The citizen mentioned in section 4 of this document made these statements while under oath and after being advised of the penalty of purgery [sic] by your affiant. Your affiant has been a police officer for over six years and is currently employed in the vice and narcotics unit of the Chesterfield County Police Department. Your affiant *743 has made several drug arrests and is familiar with the drug culture in and around Chesterfield County.
Detective Powell then brought informant before a magistrate, and informant both swore that all of the information contained in the affidavit was true and testified under oath that “within the last 72 hours [he observed] a quantity of marijuana being prepared and offered for sale at [the apartment on Markview Lane].” The magistrate then questioned informant about his familiarity with drugs. In response, informant testified that he had used drugs on a weekly basis for several years and that he was familiar with the drug culture in Chesterfield County. Following this testimony, the magistrate made the following addition to the section of the affidavit addressing the credibility and reliability of informant:
This citizen is a self-admitted drug user and is familiar with the drug culture in and around Chesterfield County.
The magistrate issued a search warrant for the apartment. When Detective Powell entered the apartment, he found appellant. After appellant was given her Miranda warnings, she stated that she had marijuana inside her dresser drawers in her bedroom. Another detective recovered 12.74 ounces of marijuana from appellant’s dresser. Appellant also stated that she had been selling marijuana in order to raise money to pay for Christmas presents.
Appellant was charged with possessing marijuana with the intent to distribute. The trial court denied appellant’s motion to suppress the evidence obtained during the search of the apartment. Appellant then entered a conditional guilty plea that was subject to her appeal regarding the denial of her motion to suppress.
II.
MOTION TO SUPPRESS
On appeal, appellant does not contend that the facts contained in the affidavit, if credible, failed to provide a substantial basis for the magistrate to find probable cause to issue the *744 search warrant for the apartment on Markview Lane. Instead, appellant challenges the basis for the magistrate’s reliance upon the information provided by informant. Specifically, appellant argues that the affidavit provided by Detective Powell failed to objectively establish informant’s veracity and basis of knowledge and that the magistrate improperly supplemented the information provided in the affidavit by examining informant under oath regarding his reliability and basis of knowledge. We disagree.
A.
The existence of probable cause is determined by examining the “totality-of-the-circumstances.” “The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the ‘veracity’ and ‘basis of knowledge’ of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.” The duty of the reviewing court is “simply to ensure that the magistrate had a ‘substantial basis for ... concluding]’ that probable cause existed.”
Miles v. Commonwealth, 13 Va.App. 64, 68-69, 408 S.E.2d 602, 604-05 (1991), aff'd en banc, 14 Va.App. 82, 414 S.E.2d 619 (1992) (quoting Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983)).
When the factual basis for probable cause is provided by an informer, the veracity, reliability, and basis of knowledge of the informer are “highly relevant” to the magistrate’s determination of probable cause. See Gates, 462 U.S. at 230, 103 S.Ct. at 2328. However, the credibility and basis of knowledge of an informer are not independent “elements” that must be “proved” in order for a magistrate to find probable cause. Instead, these considerations are merely factors in the overall “totality-of-the-circumstances” analysis. Id. at 233, 103 S.Ct. at 2329. “[A] deficiency in [either credibility or basis of knowledge] may be compensated for, in *745 determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability.” Id.
The reliability of an informer’s tip may be established in different ways depending on the nature of the informer and the manner in which the information provided by the informer reaches the magistrate. If the informer is a disinterested citizen who is either the victim or eyewitness of a crime, the magistrate is permitted to infer that reasonable information obtained from the citizen is reliable. See Saunders v. Commonwealth, 218 Va. 294, 299-300, 237 S.E.2d 150, 154 (1977). On the other hand, the reliability of a “criminal” informer, such as an “underworld figure” or a “professional informer,” should be established by “underlying facts or circumstances buttressing the credibility of the informer.” Id. at 298, 237 S.E.2d at 153-54.
The proper method to establish the reliability of “criminal” informers is determined in part by whether or not the informer appears in person before the magistrate and testifies under oath. When the “criminal” informer’s tip is in the form of hearsay recited in an affidavit, its reliability may be established by showing that (1) the informer has previously given reliable information; (2) the informer previously has worked with the police and has made controlled buys or worked in narcotic surveillance or other law enforcement efforts; (3) the informer provided detailed information that only a person who had actually observed the criminal activity would know; or (4) the informer has made a declaration against his penal interest. See Boyd v. Commonwealth, 12 Va.App. 179, 187-88 n. 2, 402 S.E.2d 914, 919-20 n. 2 (1991); Corey v. Commonwealth, 8 Va.App. 281, 288, 381 S.E.2d 19, 23 (1989).
A different situation is presented when an informer appears in person before a magistrate and testifies under oath regarding his personal observations. Our Supreme Court has previously held that a magistrate determining probable cause may supplement the information contained in an affidavit with information received orally. See McCary v. Commonwealth, *746 228 Va. 219, 231, 321 S.E.2d 637, 643 (1984) (holding that “an insufficient affidavit may be supplemented or rehabilitated by information disclosed to the issuing magistrate upon application for the search warrant”). Thus, an affidavit need not include extrinsic corroboration of a “criminal” informer’s veracity when such information is provided orally to the magistrate. This information may be conveyed orally by the police officer seeking the warrant or through the magistrate’s direct examination of the informer while under oath.
[W]hen an informant appears before a judge or magistrate and testifies under oath concerning personal observations, there is no comparable need for extrinsic corroboration of the informant’s veracity: the presiding judge or magistrate is able to observe the informant’s demeanor, is capable of questioning the informant, and is provided further assurance by the fact that the informant’s testimony is under oath.
Latham v. State, 790 P.2d 717, 720 (Alaska Ct.App.1990).
As with any other similarly situated witness, the informant’s willingness to submit to an oath, and his personal presence and the availability for questioning by the magistrate [provide] adequate procedural safeguards to assure a sound basis for assessing veracity and reliability.
McLaughlin v. State, 818 P.2d 683, 686 (Alaska Ct.App.1991). However, if the reliability of a “criminal” informer is established orally, either by information presented by a police officer seeking a search warrant or by information elicited from the informer while testifying under oath before the magistrate, such information must be set forth in the record in order to permit a reviewing court to determine that the magistrate had a substantial basis for finding probable cause. See Boyd, 12 Va.App. at 186, 402 S.E.2d at 918-19 (stating that “[w]here the basis for concluding that probable cause exists rests upon information provided by an informer, one focus of the inquiry must be upon whether the magistrate could [reasonably and objectively] determine the informer’s honesty, veracity, and basis of knowledge”).
*747 Appellant relies on Commonwealth v. Haberman, 257 Pa.Super. 127, 390 A.2d 279 (1978), for the proposition that an informer’s credibility cannot be established for Fourth Amendment purposes by the informer’s personal appearance before the issuing magistrate. However, we are unpersuaded by Haberman because its Fourth Amendment analysis is outdated. In Haberman, the Superior Court of Pennsylvania held that an informer’s personal appearance before a magistrate in combination with his written acknowledgement that his information was given under penalty of perjury was not sufficient to establish the informer’s reliability under the two-pronged Aguilar-Spinelli test. Id. at 131-33, 390 A.2d at 281-82. Under this test, officers seeking a search warrant were required to provide an independent basis for the issuing magistrate to conclude that an informer was (1) knowledgeable and (2) reliable in regard to the information he provided. Id., at 129-30, at 280; see also Tamburino v. Commonwealth, 218 Va. 821, 823-24, 241 S.E.2d 762, 764 (1978). The Haberman court reasoned that the magistrate’s in-person assessment of the informer’s credibility was not sufficiently independent to satisfy the Aguilar-Spinelli test. Haberman, 390 A.2d at 282.
However, since Haberman was decided, the United States Supreme Court abandoned the rigid, two-pronged test for evaluating an informer’s credibility in favor of the “totality-of-the-circumstanees” approach. See Gates, 462 U.S. at 238, 103 S.Ct. at 2332. For this reason, we do not believe that the Haberman court’s reasoning and holding are cogent. Instead, Gates opens the door for police officers to establish the credibility of an informer in a variety of ways, including through the personal appearance of the informer under oath before the issuing magistrate. The credibility of an informer is now only a factor in a magistrate’s determination of probable cause. Id. at 230, 103 S.Ct. at 2328. The credibility of an informer is based upon both his basis of knowledge and his reliability, and “a deficiency in one may be compensated for ... by a strong showing as to the other.” Id. at 233, 103 S.Ct. at 2317. Unlike in the days of the Aguilar-Spinelli test, a magistrate’s determination of probable cause, which includes *748 some consideration of an informer’s credibility, is ascertained from the circumstances of the particular case. Id. at 238, 103 S.Ct. at 2332. Nothing in Gates precludes the police from establishing an informer’s credibility through a magistrate’s in-person examination and assessment of the informer while under oath.
B.
Turning to the facts of this case, we first hold that informant was not a “citizen” informer whose reliability could be inferred by the magistrate. Although the record did not establish either that informant had a criminal record or that informant was a “professional informer,” the record did indicate that informant was under arrest when he provided the information regarding the apartment on Markview Lane to both Detective Powell and the magistrate. While the record does not expressly establish that informant expected any gain or concession in exchange for his information, we cannot say that informant, whose cooperation with the authorities began only after his arrest, was an ordinary citizen who “act[ed] with an intent to aid the police in law enforcement because of his concern for society or for his own safety.” State v. Paszek, 50 Wis.2d 619, 630, 184 N.W.2d 836, 843 (1971). Thus, some indicia of informant’s credibility was required before the magistrate could rely on the informant’s information as a basis for finding probable cause.
We next hold that the information received by the magistrate regarding informant’s reliability and basis of knowledge provided a substantial basis for the magistrate to rely on informant’s observations when making his probable cause determination. Although the affidavit as it was written prior to informant’s appearance before the magistrate failed to provide sufficient information for the magistrate to objectively evaluate informant’s reliability, this defect was cured by the information elicited by the magistrate when informant testified under oath before him. First, the reliability of informant was enhanced by the fact that he testified under oath before *749 the magistrate that he saw marijuana for sale in the apartment on Markview Lane, thus subjecting himself to criminal liability if his testimony was fabricated. See Gates, 462 U.S. at 233-34, 103 S.Ct. at 2330 (stating that giving information while under penalty of perjury can bolster the reliability of the informer). In addition, informant’s reliability was further strengthened when the magistrate elicited a statement from informant that was against his penal interest. The magistrate asked informant about his experience with drugs, and informant testified that he had used drugs at least once a week for several years. See United States v. Harris, 403 U.S. 573, 583, 91 S.Ct. 2075, 2082, 29 L.Ed.2d 723 (1971) (stating that “[pjeople do not lightly admit crime and place critical evidence in the hands of the police in the form of their own admissions. Admissions of crime ... carry their own indicia of credibility____”). Finally, the magistrate’s examination of informant elicited that informant had a strong basis for his knowledge that marijuana was for sale in the apartment. In response to the magistrate’s questions, informant testified that he was familiar with both drugs and the drug culture in Chesterfield County and that his knowledge of the sale of marijuana in the apartment on Markview Lane was based upon his personal observations within the past seventy-two hours. See Spinelli v. United States, 393 U.S. 410, 416, 89 S.Ct. 584, 589, 21 L.Ed.2d 637 (1969), abrogated on other grounds by Gates, 462 U.S. at 238, 103 S.Ct. at 2332 (stating that an informer’s declaration that he “personally observed” the information disclosed by him would sufficiently establish his basis of knowledge). Considering all of the information regarding informant’s reliability and strong basis of knowledge that was elicited during informant’s appearance before the magistrate, we conclude that any defect in the affidavit was cured and that the magistrate had a substantial basis for finding probable cause to issue a search warrant for the apartment.
Appellant’s reliance on Tamburino v. Commonwealth is misplaced. 218 Va. 821, 241 S.E.2d 762 (1978). Tamburino was decided when the Aguilar-Spinelli test was still applicable to a magistrate’s determination that an informer was *750 reliable. See id. at 823-24, 241 S.E.2d at 764. The only issue in Tamburino was whether the information contained in the police officer’s affidavit satisfied the “reliability” prong of the Aguilar-Spinelli test. Id. at 822, 241 S.E.2d at 763. The magistrate had concluded that the informer’s hearsay statement that drugs were present in the defendant’s apartment was reliable because the informer (1) was a “concerned citizen,” (2) admitted that he was familiar with the local drug culture and was a user of drugs, and (3) performed a controlled buy for the police. Id. at 822-23, 241 S.E.2d at 763. Our Supreme Court held that:
while the admission by the informant that he was associated with the drug culture, and was a user of marijuana, would not alone be sufficient to establish his credibility, it is a factor to be considered.
Id. at 825, 241 S.E.2d at 765. The court went on to hold that these admissions in combination with the informer’s controlled buy were sufficient to establish the informer’s reliability under the Aguilar-Spinelli test. Id.
Tamburino does not control this case because the credibility of informant is not subject to the same rigid, two-pronged scrutiny that was applicable in Tamburino. Despite this difference, informant’s credibility in this case was similarly buttressed. Like the informer in Tamburino, informant admitted that he used drugs and was familiar with the local drug culture. Although informant’s credibility in this case was not strengthened by his performance of a controlled buy, it was additionally bolstered by his in-person testimony under oath before the magistrate and the fact that he had directly observed drugs offered for sale in the apartment on Markview Lane.
For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.

. The gender of the informant is not disclosed in the record. Informant will be referred to in the masculine gender in order to avoid confusion with appellant.