COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Overton and Bumgardner
Argued at Salem, Virginia


TOMMY DEWEY MARTIN, S/K/A
 TOMMY DEWEY MARTIN, JR.
                                    MEMORANDUM OPINION[*] BY
v.         Record No. 1676-97-3     JUDGE NELSON T. OVERTON
                                         MAY 12, 1998
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE
                        Charles M. Stone, Judge

            Elwood Earl Sanders, Jr., Director
            Capital/Appellate Services (Public Defender
            Commission, on briefs), for appellant.

            Jeffrey S. Shapiro, Assistant Attorney
            General (Mark L. Earley, Attorney General;
            John H. McLees, Jr., Assistant Attorney
            General, on brief), for appellee.


     Tommy Dewey Martin, Jr. (defendant) appeals his convictions

for possession of a firearm by a convicted felon, in violation of

Code § 18.2-308.2, possession of cocaine with intent to

distribute, in violation of Code § 18.2-248, and possession of a

firearm while in possession of cocaine, in violation of Code

§ 18.2-308.4.  He contends on appeal that the police lacked

probable cause because it was based solely on information

provided by an unreliable informant.  His arrest, therefore,

would have violated the Fourth Amendment to the United States

Constitution and the subsequent search of his vehicle was

unlawful.  Because we find the informant was reliable, we affirm.

_____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

The facts are not in dispute.  On July 24, 1996 at approximately 5:00 p.m., an unidentified informant called the City of Martinsville Police Department and informed them defendant would shortly deliver cocaine to the Patrick Henry Mall.  The informant told police that defendant would drive a blue Honda Accord with tinted windows and chrome wheels bearing license plate number ACL-1864.  While the police would not reveal the informant's identity, several officers testified the informant had been reliable in the past and his information had led to six search warrants, twelve arrests and convictions, and the capture of two fugitives.  The informant had never provided false information.

The Martinsville police staked out the mall and at approximately 6:00 p.m., defendant arrived.  He was driving a car matching the description given including the license plate number.  He pulled up to a waiting pedestrian who entered the car, and then drove to an unoccupied part of the mall's parking lot.  After sitting for several minutes, the passenger exited the car and defendant began to drive away.  It was at that moment police closed in and stopped defendant.  The passenger escaped on foot.  Police arrested defendant and searched his car, finding a .22 caliber handgun, a shotgun and 13 grams of cocaine.

"The warrantless search of an automobile, 'where there are both probable cause to believe the car contains evidence of crime and exigent circumstances,' is a well established exception to

the warrant requirement."  Jackson v. Commonwealth, 22 Va. App. 347, 355, 470 S.E.2d 138, 143 (1996) (quoting McCary v. Commonwealth, 228 Va. 219, 227, 321 S.E.2d 637, 641 (1984)). Defendant concedes that the ambulatory nature of the vehicle and the short time frame involved constitute exigent circumstances. Therefore, the only issue presented is whether the informant's tip rose to the level of probable cause.

"[T]he test for constitutional validity [of a warrantless arrest] is whether at the moment of arrest the arresting officer had knowledge of sufficient facts and circumstances to warrant a reasonable man in believing that an offense has been committed." Bryson v. Commonwealth, 211 Va. 85, 86-87, 175 S.E.2d 248, 250 (1970).  The existence of probable cause is determined by examining a "totality of the circumstances."  Miles v. Commonwealth, 13 Va. App. 64, 68, 408 S.E.2d 602, 604 (1991). When the information comes from an informant, these circumstances include the "veracity, reliability, and basis of knowledge" of the tipster.  See Polston v. Commonwealth, 24 Va. App. 738, 744, 485 S.E.2d 632, 635 (1997) (quoting Illinois v. Gates, 462 U.S. 213, 230 (1983)).  Yet none of these factors are dispositive.  A deficiency in one may be compensated by an abundance in another. See id.; Beckner v. Commonwealth, 15 Va. App. 533, 535, 425 S.E.2d 530, 531 (1993).

The facts proven at trial clearly support probable cause. The unidentified, but not anonymous, informant gave detailed

information regarding the time, place and identity of a drug transaction. The informant had been used extensively and with great success in the past. While the informant's basis of knowledge was not shown, police officers testified he was both reliable and accurate. Such testimony was sufficient to support the trial court's conclusion that the informant was reliable. See Draper v. United States, 358 U.S. 307, 311-12 (1959) (holding hearsay statements presented through police officers' testimony were cognizable for probable cause analysis purposes).

Because the information gleaned from the unidentified informant was sufficient to provide probable cause to arrest and search defendant, the evidence seized pursuant to the search was properly admitted against him at trial. Accordingly, his convictions are affirmed.

Affirmed.