COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Bumgardner and Senior Judge Hodges
Argued at Chesapeake, Virginia


ALVIN L. RICKS, SR., S/K/A
 ALVIN LEROY RICKS, SR.
                                   MEMORANDUM OPINION[*] BY
v.    Record No. 0419-00-1        JUDGE WILLIAM H. HODGES
                                        APRIL 3, 2001
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF SOUTHAMPTON COUNTY
                   Westbrook J. Parker, Judge

        Michael D. Eberhardt for appellant.

        Amy L. Marshall, Assistant Attorney General
        (Mark L. Earley, Attorney General, on brief),
        for appellee.


     Alvin L. Ricks, Sr., appellant, appeals from a decision of

the trial court finding him guilty of second degree murder,

shooting into an occupied vehicle, and the use of a firearm in the

commission of a felony.  On appeal, he argues the trial court

erred in denying his motion to suppress evidence of statements he

gave to the police.  We affirm the decision of the trial court.

                             FACTS

     On November 29, 1998, an altercation occurred between

appellant's son, the victim, and several other men.  Later that

night, the victim was shot and killed.  Lieutenant J.B. Stutts was

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

assigned to assist in the investigation of the victim's homicide. Stutts testified that he and five other officers went to appellant's residence at about 3:10 a.m. on November 30, 1998 in order to interview appellant as a suspect in the case. Stutts stated that, before he went to appellant's residence, he knew that there had been an altercation between the victim and appellant's son earlier that night. He also knew that appellant had gone to the sheriff's office to report the incident and that appellant was upset about the altercation. Stutts had information that appellant owned a truck that was similar in appearance to a truck that was seen near the area where the shot was fired, and he knew that appellant had been looking for the victim at the Oak Trail Apartments on the night the victim was shot. Stutts also had information that the police had interviewed a witness who had seen appellant at the Oak Trail Apartments and who had possibly heard appellant make a statement about the shooting.

Detective Susan Story testified she interviewed Shenequa King in the early morning hours of November 30, 1998. King told Story that she believed appellant was involved in the shooting based on a statement another man heard appellant say. King said she heard that appellant said that he "got one" because he heard someone yell, "Ow." Story relayed this information to the officers before they went to appellant's residence. Story also testified that, prior to going to appellant's residence, the officers knew that a

-

dispatcher at the sheriff's office had heard appellant say he would take care of the matter himself.

The officers transported appellant to the sheriff's office where he gave several statements. Appellant made a motion to suppress the statements on the ground that the police arrested him without a warrant and without probable cause. The trial court ruled that appellant was not arrested at his residence and that, even if he was arrested at that time, the police had probable cause to arrest him. The trial court denied the motion to suppress the statements.

### ANALYSIS

Appellant contends he was arrested at his home on November 30, 1998 without a warrant and without probable cause.

The burden is on appellant to show that the trial court's ruling constituted reversible error. See McGee v. Commonwealth, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997) (en banc). In considering the trial court's denial of a motion to suppress, we view the evidence in the light most favorable to the Commonwealth, the party prevailing below. Greene v. Commonwealth, 17 Va. App. 606, 608, 440 S.E.2d 138, 139 (1994).

Ultimate questions of reasonable suspicion and probable cause involve questions of both law and fact and are reviewed de novo on appeal. McGee, 25 Va. App. at 197, 487 S.E.2d at 261. We recognize, however, "'that a police officer may draw

-

inferences based on his own experience in deciding whether probable cause exists'" and that we "'should give due weight to a trial court's finding that [an] officer was credible and [his or her] inference was reasonable.'" James v. Commonwealth, 22 Va. App. 740, 743-44, 473 S.E.2d 90, 91 (1996) (citation omitted).

"A police officer may seize a person by an arrest only when the officer has probable cause to believe that the person seized has committed or is committing a crime." Ewell v. Commonwealth, 254 Va. 214, 217, 491 S.E.2d 721, 722 (1997). "'Probable cause exists where "the facts and circumstances within [the arresting officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that" an offense has been or is being committed.'" Jefferson v. Commonwealth, 27 Va. App. 1, 12, 497 S.E.2d 474, 479 (1998) (citations omitted). The arresting officer is permitted to act based on probabilities, and is not required to rely upon "hard certainties." Carson v. Commonwealth, 12 Va. App. 497, 502, 404 S.E.2d 919, 922, aff'd on reh'g en banc, 13 Va. App. 280, 410 S.E.2d 412 (1991), aff'd, 244 Va. 293, 421 S.E.2d 415 (1992).

The officers had probable cause to believe appellant was criminally involved in the victim's murder when they went to appellant's residence. The officers knew appellant's son had been involved in an earlier altercation with the victim. They

-

knew that appellant had been very upset at the sheriff's office earlier that night and that he had indicated he would take care of the matter himself. A truck similar to one owned by appellant had been seen near the site of the shooting, and a witness had told an officer that she had heard that appellant said he "got one" because he heard the exclamation, "Ow."

Clearly, this information was sufficient to cause the officers to believe appellant had been involved in the shooting. In addition, the information relied on by the officers was trustworthy because it was based on information provided by a police dispatcher and a police interview with a disinterested witness, rather than a paid informant. See Guzewicz v. Commonwealth, 212 Va. 730, 735, 187 S.E.2d 144, 148 (1972) ("[W]e will not apply to citizen informers the same standard of reliability as is applicable when police act on tips from professional informers or those who seek immunity for themselves . . . ."); Polston v. Commonwealth, 24 Va. App. 738, 745, 485 S.E.2d 632, 635 (1997), aff'd, 255 Va. 500, 498 S.E.2d 924 (1998) (if informer is a disinterested citizen or eyewitness of a crime, it is permissible to infer that reasonable information obtained from the citizen is reliable).

Because the reliable information known by the officers prior to the arrest was sufficient to provide probable cause to believe appellant was involved in the crimes, the statements

-

appellant gave to the officers were properly admitted against him at trial.  Accordingly, his convictions are affirmed.

<u>Affirmed.</u>