COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Frank and Haley
Argued at Chesapeake, Virginia


MILTON RAY PALMER

                                        MEMORANDUM OPINION[*] BY
v.        Record No. 2181-05-1                JUDGE ROBERT P. FRANK
                                            DECEMBER 5, 2006

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Everett A. Martin, Jr., Judge[1]

        Robert C. Neeley, Jr. (Robinson, Neeley & Anderson, on brief), for
        appellant.

        J. Robert Bryden II, Assistant Attorney General (Robert F.
        McDonnell, Attorney General; Deana A. Malek, Assistant Attorney
        General, on brief), for appellee.


       Milton Ray Palmer, appellant, was convicted, in a bench trial, of two counts of possession

with intent to distribute cocaine, in violation of Code § 18.2-248. On appeal, he challenges the

sufficiency of the evidence and contends the trial court erred in denying his motion to suppress and

his motion to re-open the original motion to suppress. For the reasons stated, we affirm.

ANALYSIS

       On appeal, appellant contends the evidence was not sufficient to convict him of two counts

of possession with the intent to distribute cocaine. While appellant, in his brief, cited cases

addressing our standard of review, he failed to cite any cases addressing the substantive issues of his

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Judge Charles E. Poston presided over the hearing on appellant's motion to suppress
and the hearing on appellant's motion to re-open his motion to suppress.

appeal, specifically: (1) whether appellant had intent to distribute cocaine and (2) whether there was one offense or two distinct offenses.

By failing to cite any authority in support of these arguments in his opening brief, appellant has violated the provisions of Rule 5A:20(e). "'[S]tatements unsupported by argument, authority, or citations to the record do not merit appellate consideration.'" Epps v. Commonwealth, 47 Va. App. 687, 718, 626 S.E.2d 912, 926 (2006) (*en banc*) (quoting Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992)). Since appellant cites no legal authority supporting his argument, we will not consider the sufficiency of the evidence on appeal.

Appellant next argues the trial court erred in denying both his motion to suppress and his motion to re-open his motion to suppress.[2]

Appellant, in his brief, cites no cases to support his argument as to the trial court's failure to re-open the original motion to suppress. Further, appellant cites no cases supporting his argument as to the original motion, which dealt with the legality of appellant's arrest and search under the provisions of Code § 19.2-74.[3]

---

[2] We need not recite the facts of the offense since we do not address the merits of appellant's arguments.

[3] Appellant cited two cases in his brief, neither of which support his argument under Code § 19.2-74. The first case deals only with the standard of review.

The second case citation appears as: "In the first instance, the ability to arrest is based upon the offender's actual conduct, not potential future conduct. Moore v. Commonwealth, 46 Va. App. ___ 2648031, ___ S.E.2d ___ (2005)." It is not clear from the citation to which case appellant is referring, as there was both a panel opinion and an opinion upon rehearing *en banc* in Moore. Neither of these opinions appears in the volume of the Virginia appellate reporter cited by appellant; the panel opinion appears in volume 45, while the *en banc* opinion appears in volume 47. Further, it is unclear in what way this proposition, even if it had been properly cited, provides any support for appellant's argument as to Code § 19.2-74.

Rule 5A:20(e) bars us from addressing any issues unsupported by authority.  Epps, 47

Va. App. at 718, 626 S.E.2d at 926.  Therefore, we do not address the merits of the issues raised by

appellant on appeal.

Affirmed.

Elder, J., concurring in the result.

The majority concludes appellant has violated Rule 5A:20 because he "cites no legal authority supporting his argument[s]," and it affirms his convictions on this ground. For the reasons set out below, I would consider this appeal on the merits. Nevertheless, I concur in the majority's decision to affirm appellant's convictions because I believe the trial court did not err in denying appellant's motion to suppress or in concluding the evidence was sufficient to support two convictions for possession of cocaine with intent to distribute.

## I. PROCEDURAL ISSUE

Rule 5A:20(e) states that the opening brief "shall contain . . . [t]he principles of law, the argument and the authorities relating to each question presented." However, no statute, rule, or case decision provides that either a full or partial failure to comply with Rule 5A:20 is jurisdictional or *mandates* the dismissal of an appeal. See Epps v. Commonwealth, 47 Va. App. 687, 718-19, 626 S.E.2d 912, 926-27 (2006) (en banc) (holding that, as a result of Epps's failure to cite "*any* authority" in support of two different arguments in his brief, we "*will not*" address those particular issues on appeal (emphases added)); cf. Riner v. Commonwealth, 40 Va. App. 440, 454, 579 S.E.2d 671, 678 (2003) (holding that, as long as petition for appeal is timely filed, "the provisions of Rule 5A:12(c) stating what the petition 'shall contain' . . . are not jurisdictional" and "do not prevent us from exercising jurisdiction over assignments of error added to the petition, with leave of court, at a later date"), aff'd on other grounds, 268 Va. 296, 601 S.E.2d 555 (2004).

Thus, we may exercise our discretion in determining whether any such deficiencies in an opening brief are significant enough to prevent us from considering some or all of an appellant's assignments of error on the merits. Compare Courembis v. Courembis, 43 Va. App. 18, 29-30, 595 S.E.2d 505, 510-11 (2004) (holding that "where . . . failures [to adequately cite facts in brief]

are more substantial and affect the opposing party's ability to respond, dismissal or an award of attorney's fees may . . . be warranted" but that because "[the] few inadequacies" in husband's brief were "most[ly] . . . inconsequential in nature" and did not "relate to any matter of substantive importance in th[e] appeal," dismissal was not required), with Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992) (noting appellant "argues that the trial court did not consider all of the statutory factors" but that "his brief fails to identify which factors were not considered and how they would have affected the trial court's determination" and holding that, because "this argument was not fully developed in the appellant's brief, we need not address this question"), and Luginbyhl v. Commonwealth, 48 Va. App. 58, 63 n.3, 628 S.E.2d 74, 77 n.3 (2005) (en banc) (holding that where issue was not preserved in trial court, not included in petition for appeal, not mentioned *at all* on brief, and raised for first time at oral argument, it was "defaulted" and Court would not consider it).

This appeal involves a challenge to the search of appellant's person and to the sufficiency of the evidence to support his convictions. Appellant cites case law governing the standard of review and circumstantial evidence. The Commonwealth argues in a footnote on brief that appellant "cites no legal authority supporting his argument that no evidence from one charge may be used to prove intent for another charge." However, it does not contend that appellant's failure prejudiced it in preparing a response to this argument, and it does not challenge the sufficiency of appellant's brief on the remaining assignments of error. See Courembis, 43 Va. App. at 29-30, 595 S.E.2d at 510-11 (opting not to dismiss appeal or award attorney's fees based on factual deficiencies in brief because deficiencies were not "substantial" and did not "affect the opposing party's ability to respond").

Thus, although appellant's brief fails to cite any cases dealing specifically with proving intent in a case involving "two stashes" and is not a model of persuasive writing, I believe it meets the minimum standards set by Rule 5A:20.

## II. MOTION TO SUPPRESS

Prior to trial, appellant moved to suppress the fruits of the search of his person on statutory grounds. The trial court denied that motion. Thereafter, the chief deputy public defender replaced appellant's previous counsel and filed a second motion to suppress, which challenged the search of his person on constitutional grounds. The trial court denied the motion, ruling that appellant had waived it by not raising it in his first motion but concluding that, even if he had not, the motion was without merit and was "denied on that basis as well."

Appellant contends the trial court "clearly erred when it summarily denied the defendant's constitutional argument without having taken evidence on the issue." The record belies this contention. In arguing the second motion to suppress, appellant's counsel indicated "the facts that were presented to [the court] before are sufficient to deal with this issue" and expressly stated, "We're only asking for argument on the motion." The court noted that arguing was what "[counsel was] doing" at that time, and she responded, "Exactly." Appellant may not now claim the trial court erred in failing to hear additional evidence on the suppression motion when counsel who made the motion expressly disavowed the need to offer any additional evidence. See, e.g., Fisher v. Commonwealth, 236 Va. 403, 417, 374 S.E.2d 46, 54 (1988) ("No litigant, even a defendant in a criminal case, will be permitted to approbate and reprobate--to invite error . . . and then to take advantage of the situation created by his own wrong.").

Further, the record supports the trial court's determination to deny on "the facts" the motion to suppress the fruits of the search of appellant's person.

On appeal of a ruling on a motion to suppress, we view the evidence in the light most favorable to the prevailing party, here the Commonwealth, granting to the evidence all reasonable inferences fairly deducible therefrom. Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991). "[W]e are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them[,] and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers." McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (en banc). However, we review *de novo* the trial court's application of defined legal standards such as probable cause to the particular facts of the case. Ornelas v. United States, 517 U.S. 690, 699, 116 S. Ct. 1657, 1663, 134 L. Ed. 2d 911, 920 (1996).

"[T]he test of constitutional validity [of a warrantless arrest] is whether at the moment of arrest the arresting officer had knowledge of sufficient facts and circumstances to warrant a reasonable man in believing that an offense has been committed." Bryson v. Commonwealth, 211 Va. 85, 86-87, 175 S.E.2d 248, 250 (1970). "'[T]he fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action.'" Whren v. United States, 517 U.S. 806, 813, 116 S. Ct. 1769, 1774, 135 L. Ed. 2d 89, 98 (1996) (quoting Scott v. United States, 436 U.S. 128, 138, 98 S. Ct. 1717, 1723, 56 L. Ed. 2d 168, 178 (1978)).

When the factual basis for probable cause is provided by an informer, the informer's (1) veracity, (2) reliability, and (3) basis of knowledge are "highly relevant" factors in the overall totality-of-the-circumstances probable cause analysis. Illinois v. Gates, 462 U.S. 213, 230, 233, 103 S. Ct. 2317, 2328, 2329, 76 L. Ed. 2d 527, 543, 545 (1983). "[A] deficiency in [either veracity or basis of knowledge] may be compensated for, in determining the overall reliability of

a tip, by a strong showing as to the other, or by some other indicia of reliability." Id. at 233-34, 103 S. Ct. at 2329-30, 76 L. Ed. 2d at 545. When the informer is a "criminal" rather than a "disinterested citizen" victim or eyewitness and the tip is conveyed in the form of a police officer's hearsay testimony, the reliability of the tip may be established in many different ways, including by showing that "the informer has previously given reliable information" or "has made a declaration against his penal interest." Polston v. Commonwealth, 24 Va. App. 738, 745, 485 S.E.2d 632, 635 (1997), aff'd on other grounds, 255 Va. 500, 498 S.E.2d 924 (1998).

Here, the officers had probable cause to arrest appellant when he was stopped outside the record store at 11:00 a.m. in one of two cars described by the known informant, and they were justified in searching appellant incident to that arrest. One of the arresting officers, Narcotics Investigator Dickason, had personally worked with the informant for a year. During that time, the informant provided information on four prior drug investigations, and all four investigations had led to arrests and convictions. This particular investigation involved a purported cocaine dealer named "Black." When the informant called Investigator Dickason on September 29, 2003, he described Black's general appearance, saying he was African-American and had dreadlocks. He also described two different cars Black was known to drive, a black Oldsmobile Cutlass Sierra with tinted windows and 20-inch rims and a gold Acura Legend with 20-inch rims. He also pointed out Black's residence, gave Investigator Dickason the telephone number Black used to set up drug deals, and told Dickason Black often met potential buyers at a particular convenience store.

Investigator Dickason called the telephone number he received from the informant and a person identifying himself as Black answered. Dickason told Black he wanted to purchase a particular quantity of cocaine. After more than one telephone conversation, the two agreed on a

price, and Black told Dickason to meet him at the convenience store the informant had earlier named. Dickason did not go to the convenience store or attempt to complete the transaction.

At 10:30 a.m. on October 2, 2003, the informant telephoned Investigator Dickason and told him Black had arranged to make a drug sale at a particular record store at 11:00 a.m. and would be driving one of the two vehicles the informant had previously described. The informant elaborated on his earlier description of Black, saying he was "tall and slender" and "really dark skinned" and that his "dread[lock]s . . . came down to his eyes" and "by his shoulder." At 11:00 a.m. the investigators observed a black Oldsmobile Cutlass with tinted windows, driven by a man who had "very dark . . . black skin[]" and "dread[lock]s," arrive from the direction the informant had indicated he would. At that point, the investigators had at least reasonable suspicion to detain the vehicle briefly to determine whether the driver fit the full description of the person the informant had described. After stopping the vehicle and determining that the driver matched the description of Black given them by the informant, the investigators had probable cause to arrest and search appellant, based on the informant's tip and their independent verification of many of the details provided by the informant. Whether appellant may also have been in custody for a misdemeanor offense of driving on a suspended license at that time is not controlling because the evidence, viewed objectively and in the light most favorable to the Commonwealth, established the investigators had probable cause to believe appellant possessed cocaine with an intent to distribute. Thus, the search that yielded the crack cocaine was not unreasonable, and the trial court did not err in denying appellant's motion to suppress.

### III. SUFFICIENCY OF THE EVIDENCE

The record supports a finding that appellant possessed two distinct quantities of cocaine and that he had the requisite intent to distribute both quantities.

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, granting to the evidence all reasonable inferences fairly deducible therefrom. Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). The intent of an accused to distribute drugs, like any element of a crime, may be shown by circumstantial evidence. Wells v. Commonwealth, 2 Va. App. 549, 551, 347 S.E.2d 139, 140 (1986). Circumstances that shed light on the accused's specific intent regarding illegal drugs in his possession include (1) the quantity and method of packaging of the drugs possessed by him, (2) the presence or absence of an unusual amount of money suggesting profit from sales, and (3) the presence or absence of paraphernalia for ingesting the drugs. Servis v. Commonwealth, 6 Va. App. 507, 524-25, 371 S.E.2d 156, 165 (1988); see Dukes v. Commonwealth, 227 Va. 119, 122, 313 S.E.2d 382, 383 (1984); Wells, 2 Va. App. at 551-52, 347 S.E.2d at 140.

"'[V]arious stashes of [a] drug are considered separate where the evidence indicates that they were intended for different purposes or transactions.'" United States v. Smith, 50 M.J. 813, 815 (A.F. Ct. Crim. App. 1999) (quoting United States v. Johnson, 977 F.2d 1360, 1374 (10th Cir. 1992)), cited with approval in Peake v. Commonwealth, 46 Va. App. 35, 41-42, 614 S.E.2d 672, 675 (2005). "[E]ach distinguishable incident of the offending conduct constitutes a 'unit of prosecution' for violation of the statute." Shears v. Commonwealth, 23 Va. App. 394, 401, 477 S.E.2d 309, 312 (1996).

Here, the evidence established that, at the time of appellant's arrest, he had actual possession of more than 9 grams of crack cocaine hidden in his buttocks area. No device for ingesting the crack was found in appellant's possession, in the vehicle he was driving, or in the bedroom he shared with his cousin at his mother's apartment. Investigator Curott, who qualified as an expert "on what is . . . inconsistent with personal use," testified that possession of this quantity of cocaine was inconsistent with personal use and that appellant's method of concealing

the cocaine in his buttocks also was inconsistent with possession for personal use. This evidence was sufficient to support appellant's conviction for possessing the 9 grams of cocaine with an intent to distribute.

The evidence also established that appellant constructively possessed the additional quantity of cocaine found in the safe in his bedroom at his mother's apartment and that he had the requisite intent to distribute this quantity of cocaine, as well. The key chain taken from the ignition of the car appellant had been driving at the time of the stop held a key that fit the apartment's front door, and appellant's mother told police appellant shared a particular bedroom in the apartment with his cousin. Inside that bedroom, police found a box containing paperwork bearing appellant's name, including his social security card and a district court summons addressed to him. They also found a title for an Acura parked outside, although the title bore someone else's name. Also inside the box of paperwork were a bag of bullets and magazine for a firearm the police had found in the Acura. In plain view on a closet shelf, police found an electronic scale and a "Pyrex cooking cup," both of which were "coated" with cocaine residue. Also on the shelf was a "pile of money" and a safe that police were able to open with a key from the key chain taken from appellant's car. Inside the safe were two bags containing "a couple of thousand dollars" of additional currency, 15 to 20 sandwich bags, a bag containing 3.67 grams of crack cocaine, and a razor blade. Investigator Curott testified razor blades are "commonly used for cutting up . . . crack cocaine" for distribution in baggies. Appellant's fingerprints were found on both the bag containing the crack cocaine and one of the bags of currency. On the television hutch in the bedroom, police located a large bag containing "hundreds" of what Officer Curott described as small "Ziploc crack baggies" and an additional razor blade.

This evidence proved appellant constructively possessed the cocaine found in the safe, and the quantities of money and paraphernalia for drug distribution found both in plain view in

the room and inside the safe, coupled with an absence of any evidence of possession for personal use, supported the finding that appellant also possessed this quantity with the requisite intent to distribute.

IV.

For these reasons, I concur in the majority's decision to affirm appellant's convictions.